UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON TURNER                                                                                    CIVIL ACTION

VERSUS                                                                                                   NO. 20-2259

GRAND ISLE SHIPYARD LLC, et al.                                                           SECTION I

### ORDER AND REASONS

Before the Court are motions for summary judgment filed by the defendants. For the reasons that follow, these motions are DENIED.

### Background

This case arises out of a fall suffered by the plaintiff while working aboard a Shell platform located in the Gulf of Mexico. Under the Outer Continental Shelf Lands Act, plaintiff seeks damages for his past and future medical expenses as well as other damages. He asserts that Shell/CNOOC, who operated the platform, and Grand Isle, who was working on the platform, were negligent in a number of ways. Primarily, he submits that the defendants failed to ensure a safe working environment.

The defense at issue in these motions is a defense for contributory negligence. Mr. Turner was working as a blaster painter at the time of the accident and had more than 25 years of experience in that profession. On the day of the incident, Mr. Turner was assigned to spot blast welds and burn marks in a scaffolded area of the platform. While doing so, he slipped and fell for reasons that are in dispute. In his deposition, he suggested that sand on the beam could have been the cause of the slip.

1

The plaintiff fell through a hole in the deck from which grating had been removed and suffered serious injuries, including possible ruptured discs in his back, nerve damage, and other severe damage to his back, head, and ribs. He brought suit for medical and other damages against Shell/CNOOC and Grand Isle. Both sets of defendants now raise essentially identical motions for summary judgment,[1] asserting that Mr. Turner was contributorily negligent and that he therefore cannot recover.

## I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, where contradictory "evidence is merely colorable, or is not significantly probative," summary judgment remains appropriate. Id. at 249–50 (citation omitted). Likewise,

---

[1] After Shell/CNOOC filed their motion for summary judgment, Grand Isle filed a motion for summary judgment in which it "adopt[ed] the Motion for Summary Judgment, supporting Memorandum, Statement of Uncontested Material[] Facts, and supporting exhibits filed … [by Shell/CNOOC] in their entirety."

2

summary judgment is appropriate where the party opposing the motion fails to establish an essential element of its case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5 Cir. 1992). Instead, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. Fed. R. Civ. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5 Cir. 1987) (per curiam).

Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

## II. Choice of Law

Incidents which occur in federal waters on the Outer Continental Shelf are governed by the Outer Continental Shelf Lands Act (OSCLA), which provides in part that "the civil and criminal laws of each adjacent State … are hereby declared to be the law of the United States for … fixed structures erected [on the outer continental shelf." 43 U.S.C. § 1333(a)(2)(A). "Adjacency" is to be determined by reviewing "the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf, and the President shall determine and publish in the Federal Register such projected lines extending seaward and defining each such area." Id. As the President has not yet published such projections, the Fifth Circuit had

identified four "types of evidence" in adjacency analysis, which are: "(1) geographic proximity; (2) which coast federal agencies consider the subject platform to be 'off of'; (3) prior court determinations; and (4) projected boundaries." Snyder Oil Corp. v. Samedan Oil Corp., 208 F.3d 521, 524 (5 Cir. 2000). The defendants assert, and plaintiff does not dispute, that Alabama law applies in this matter.[2]

### III. Contributory Negligence

Alabama law provides that "contributory negligence is a complete defense to an action based on negligence." Rowden v. Tomlinson, 538 So. 2d 15, 18 (Ala. 1998). "In order to prove contributory negligence, the defendant must show that the party charged 1) had knowledge of the condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger." Id. Additionally, "[a]lthough ordinarily it is a question of fact for the jury, the question whether a plaintiff is guilty of contributory negligence becomes a matter of law, and therefore one for the court to decide, when the facts are such that all reasonable persons must draw the same conclusion therefrom." Id. This latter path is to be used only sparingly: "a determination of the existence of contributory negligence is for the jury where there is a scintilla of evidence to the contrary." Hatton v. Chem-Haulers, Inc., 393 So. 2d 950, 954 (Ala. 1980).

### IV. Analysis

---

[2] In short, defendants submit evidence showing that at least three of the four types of evidence noted by the Fifth Circuit support a finding that Alabama law applies. Most persuasively, defendants submit evidence that blocks both North and West of the block at issue have been judicially determined to be adjacent to Alabama for purposes of the OCSLA.

4

As the plaintiff does not contest that Alabama law applies. The only question at issue in this motion is, therefore, whether Mr. Turner is guilty of contributory negligence. In order to support such a finding and grant this motion, the Court must find that "all reasonable persons must draw the same conclusion" from the facts of this case as to each of the following three elements. Rowden, 538 So. 2d at 18.

*A. Knowledge of the Condition*

Defendants contend that sand particles on the beam on which Mr. Turner stood caused his slip and fall. They further contend that sand particles caused Mr. Turner's slip and that he had full knowledge of that condition. During a deposition, Mr. Turner was asked, "[w]as there anything on the beam that caused you to slip?" In response, he stated: "You know, you're blasting with that sand. It probably had … sand particles sitting on top of it." On the strength of this testimony, and further testimony that Mr. Turner was the only person sandblasting in that area on the day of the accident, defendants submit that Mr. Turner had the requisite knowledge for this element of the test.

The Court is not convinced. Although defendants submit that "direct deposition testimony from Turner … clearly state[s] that he slipped in sand particles," the testimony only suggests that sand particles were a "probable" cause of the accident and not a definite cause. And while deposition testimony establishes that Mr. Turner was aware of the possibility of sand accumulation, it does not establish that Mr. Turner was aware of any actuality of sand accumulation. The requirement of actual knowledge for summary judgment is easily discerned from a review of

5

Alabama case law.  In one example, the Alabama Supreme Court affirmed summary judgment in a case in which a plaintiff placed his hands in machinery that he knew to be active, open, and exposed.  See Rowden, 538 So. 2d at 17-18.  In another, the Alabama Supreme Court affirmed summary judgment in a case in which a plaintiff had already once passed by a teetering motorcycle which was "in plain view" before he bumped it, causing it to fall on him.  See Brown v. Piggly-Wiggly Stores, 454 So. 2d 1370, 1372.  In both cases, alongside others, the actual condition was undoubtedly known to the individuals.  While a reasonable jury may well find that Mr. Turner knew of the sand particles, the record is not ripe for summary judgment as to that issue.

### B. Appreciation of the Danger

The record demonstrates that Mr. Turner had appreciation of the danger.[3]  He was aware of the open holes below the work environment and wore fall protection. The record also shows that he was aware of the possibility of slipping as he knew that sand particles often blow into and around the work area.  Plaintiff submits that his use of fall protection implies that he was unappreciative of the danger as he trusted his fall protection to do its job.  This fact, however, only points to the reasonableness of his care – wearing fall protection is indicative of a knowledge that one needs fall protection.

### C. Failure to Exercise Reasonable Care

---

[3] Although the Court need not reach this or the next element of the test to deny this motion, it does so for the sake of completeness.

6

The Court finds there to be a matter of factual dispute as to whether or not Mr. Turner exercised reasonable care. Defendants submit that the record indicates that Mr. Turner made no attempt to clean his work area. In deposition testimony, Mr. Turner stated, "you can blow [sand particles] off you know. But if you got winds, like just a little light wind, like, it'll be all on the tarps and everything, and it'll blow back … on." This testimony establishes that Mr. Turner did not typically find it useful to clean his work area; it does not establish that he did not attempt to do so in the prelude to this incident. While this distinction is slight, it is sufficient to create a question of factual dispute. Additionally, given the likelihood that sand particles would blow back into the workspace, it is a question of factual dispute whether his alleged decision not to clean the work area was or was not reasonable under the circumstances.

Moreover, Mr. Turner took precautions against the very thing that happened. He was wearing fall protection gear (which he alleges to have failed) and there is no indication that he was distracted, cutting corners, or otherwise acting in an unreasonable manner.

Defendants also assert that Mr. Turner was unreasonable for failing to exercise his stop-work authority. That may be the case. Again, however, that is a determination for the jury to make. The Court does not see enough evidence in the record to demonstrate that Mr. Turner's decision to carry on with his work was unreasonable under the circumstances. Although it was within his power to exercise stop-work authority at any time during the job, whether or not he should have

exercised that authority at the time of the incident is a matter on which reasonable minds may disagree. Therefore, the Court cannot grant a motion for summary judgment on these facts.

## V. Conclusion

Mr. Turner may yet be found to have been contributorily negligent. Under one reasonable reading of the evidence, Mr. Turner was aware of a great accumulation of sand particles, knew a slip and fall would be especially dangerous at the time, and failed to exercise his authority to stop working. However, under another reasonable reading of the evidence, Mr. Turner was aware of the possibility of sand particles and took the same reasonable precautions he took to do his job every day, only to be let down by unseen sand and faulty equipment. Where reasonable minds may disagree as to whether the plaintiff was contributorily negligent, the Court cannot grant summary judgment.

Therefore, **IT IS ORDERED** that the defendants' motions for summary judgment are **DENIED**.

New Orleans, Louisiana, February 2, 2022.

                                                        LANCE M. AFRICK
                                     **UNITED STATES DISTRICT JUDGE**